SUSSEX PRINT WORKS. INCORPORATED, PLAINTIFF, v. LOUIS NOCHENSON, DEFENDANT.

Decided June 21, 1928.

For the rule, *Hobart & Minard.*

*Contra, McCarter & English.*

PER CURIAM.

The plaintiff obtained a verdict in the Morris Circuit for the sum of $1,500, in an action brought by him against the defendant to recover damages, which the plaintiff's truck sustained, as a result of a collision with the defendant's truck, which was left standing by the defendant's servant on the public highway on the right side of the road, partly obstructing it to public travel.

The facts are these: On October 28th, 1924, at about five-thirty in the morning, it being very dark, the plaintiff's servant, one Carpenter, was operating a five-ton White truck, loaded with two tons of silk, owned by the plaintiff, and which truck was being run at a speed of about fifteen miles an hour along the Pine Brook road, in Caldwell, in a westerly direction, on the right-hand side of the road. The testimony further discloses that the defendant's truck broke down as a result of the motor stalling; that the driver of defendant's truck stepped down from his seat on the truck and tried to crank the motor and found he was unable to do so; that thereupon he took a kerosene lighted lantern and went up the road waving his lantern, when Carpenter came along with plaintiff's truck, and paid no heed to the signal; that there were no lights on the stalled truck (which fact was disputed), and that the truck blockaded the road to a considerable extent. The plaintiff further adduced testimony that there had been two holdups on the road near the same spot and that its drivers had been instructed not to allow anyone to stop them on the road, and for protection the driver Carpenter carried a revolver, and he testified he saw a man coming along the road with a lantern, waving it; that he thought there was going to be a holdup; that he reached for his revolver and speeded up his truck to about eighteen miles an hour, and that when within about thirty-five feet of the place where the truck was obstructing the road, he espied its presence and then made an attempt to avoid colliding with it, but failed in his effort.

Four reasons are presented by defendant for a new trial— 1. The verdict is contrary to the evidence. 2. The verdict is contrary to the weight of the evidence. 3. The verdict is con-

trary to the judge's charge. 4 Damages awarded are excessive.

We are of the opinion that none of these reasons finds any merit from a plain reading of the testimony and the charge of the court.

The defendant's truck was left standing on the public highway without any lights upon it, so as to give warning to oncoming automobiles. This circumstance alone warranted the jury to find the defendant guilty of negligence. Whether or not the plaintiff's servant was guilty of negligence contributing to the collision was also clearly a jury question.

There was no legal duty, nor can we say any duty, prompted by ordinary caution, that devolved upon the driver of the truck, carrying goods of great value, to stop his truck on a public highway, late at night, upon the mere waving of a lantern by a person coming along in the middle of a road, in the darkness, and at a place where two previous holdups had taken place.

A jury might readily believe that it was a highly dangerous undertaking for a man at that early hour in the morning to run along a public highway waving a lantern to stop automobilists coming along when he might have stood where the truck was stalled and waved his lantern from that position.

It is quite obvious that what happened to defendant's truck might have been avoided if the truck had been equipped with proper lights to serve as warning in case of emergency.

It is a matter of common experience that automobiles are subject to be stalled upon the public road, and if they are driven at night they ought to be equipped with means to give warning upon the happening of such emergency.

The question whether or not Carpenter exercised reasonable care must be controlled by the circumstances which confronted him, and we cannot say that, under the circumstances developed by the testimony, he did not act with that degree of care that an ordinary prudent person, situated as he was, would have acted, under similar circumstances. The reason alleging excessive damages was not pursued or argued in defendant's brief.

The rule to show cause is discharged, with costs.